Corinne Chandler – State Bar No.: 111423
 Email: cchandler@kantorlaw.net
Mitchell O. Hefter – State Bar No.: 291985
 Email: mhefter@kantorlaw.net
Glenn R. Kantor - State Bar No.: 122643
 E-mail: gkantor@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
KAREN KOOLS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| KAREN KOOLS,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; INTERIOR SPECIALISTS, INC. WELFARE PLAN,<br><br>　　　　Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PREJUDGMENT AND POST-JUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS** |
|---|---|

　　　　Plaintiff, Karen Kools, herein sets forth the allegations of her Complaint against Defendants Life Insurance Company of North America and Interior Specialists, Inc. Welfare Plan.

## PRELIMINARY ALLEGATIONS

　　　　1.　　"Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms

of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan named as Defendant. Plaintiff seeks relief, including but not limited to, payment of benefits, prejudgment and post-judgment interest, reinstatement to the benefit plans at issue herein, and attorneys' fees and costs.

2.  Plaintiff was, at all times relevant, an employee of Interior Specialists, Inc. ("Interior").  At all times relevant hereto, plaintiff was a resident of the County of Riverside and a citizen of the State of California.

3.  Plaintiff is informed and believes that Defendant Life Insurance Company of North America ("LINA") is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Central District of California, and can be found in the Central District of California. Plaintiff is informed and believes that her employer funded its long-term disability ("LTD") and life insurance Plans in whole or in part via the purchase of long term liability insurance policies from LINA. LINA is the insurer of all or some portion of benefits under the Interior Specialists, Inc. Welfare Plan (hereinafter "the Plan"). LINA administered the claim, interpreted Plan terms, and issued a claim denial, all while operating under a conflict of interest; and the bias this created adversely affected the claims determination.

4.  Plaintiff is informed and believes that LINA identifies the group policy it issued to Interior as Policy/Plan SGD 602681 (the "Policy").  Plaintiff is informed and believes that LINA intended that the subject policy would result in coverage being provided to residents of the State of California.  Plaintiff is informed and believes that the Policy was issued on or before January 1, 2012 and had an annual anniversary date of January 1.

5.  Plaintiff is further informed and believes that the Policy has remained in effect since its inception and was renewed or amended on or after January 1, 2012.

6.  Plaintiff is informed and believes that Defendant Plan is an employee

welfare benefit plan regulated by ERISA, established by Interior, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to LTD and life insurance waiver of premium ("LWOP") benefits.  Pursuant to the terms and conditions of the Plan, Plaintiff is entitled to LTD and LWOP benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Plan.  The Plan is doing business in this judicial district, in that it covers employees residing in this judicial district and is administered in this judicial district.

7. Defendants can be found in this judicial district and the Defendant Plan is administered in this judicial district.  The LTD and LWOP claims at issue herein were also specifically administered in this judicial district.  Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**
**AGAINST LIFE INSURANCE COMPANY OF NORTH AMERICA**
**AND INTERIOR SPECIALISTS, INC. WELFARE PLAN**
**FOR PLAN BENEFITS, ENFORCEMENT AND CLARIFICATION OF**
**RIGHTS, PREJUDGMENT AND POST-JUDGMENT INTEREST, AND**
**ATTORNEYS' FEES AND COSTS**
**(29 U.S.C. § 1132(a)(1)(B))**

8. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, Plaintiff was employed by Interior, and was a covered participant under the terms and conditions of the LTD and LWOP Plan.

10. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Plan.  Specifically, while Plaintiff was covered under the Plan, Plaintiff became disabled due to, among other things, metastatic ovarian cancer, kidney cancer and the residual disabling effects of chemotherapy.

11. Pursuant to the terms of the Plan, Plaintiff made a claim to LINA for LTD and LWOP benefits under the Plan, seeking benefits with an onset of a disability date on or about February 28, 2014. Plaintiff is informed and believes that LINA identified her claims as Incident No. 3344406. Plaintiff's claim was initially denied by LINA in August 2014 and plaintiff appealed said denial in January 2015. LINA overturned its denial in March 2015 and paid benefits until approximately October 2016. Plaintiff thereafter submitted two appeals to LINA and LINA upheld its benefit determination with a final appeal dated March 26, 2018.

12. Plaintiff has exhausted her pre-litigation administrative remedies.

13. Defendants LINA and the Plan breached the Plan and violated ERISA in the following respects:

(a) LINA failed to pay LTD and LWOP benefit payments to Plaintiff at a time when LINA and the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the Plan and LINA had such knowledge, LINA denied Plaintiff's benefits;

(b) LINA failed to provide a prompt and reasonable explanation of the basis relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the effective denial of Plaintiff's claims for benefits;

(c) After Plaintiff's claim was effectively denied, LINA failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) LINA concealed and withheld from Plaintiff the notice requirements LINA and the Plan were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly Code of Federal Regulations § 2560.503-1(f)-(g), inclusive; and

(e) LINA failed to properly and adequately investigate the merits of Plaintiff's disability claim and failing to provide a full and fair review of Plaintiff's claim.

14. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully denied her disability benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

15. Following the denial of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

16. As a proximate result of the aforementioned wrongful conduct of the Plan and LINA, Plaintiff has damages for loss of disability and LWOP benefits in a total sum to be shown at the time of trial.

17. As a further direct and proximate result of this improper determination regarding Plaintiff's claims, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

18. The wrongful conduct of the Plan and LINA has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of the Plan and to clarify her right to future benefits under the terms of the Plan.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of disability and LWOP benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

3. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

DATED: May1, 2018          KANTOR & KANTOR, LLP

By  /s/ Corinne Chandler
      Corinne Chandler
      Attorneys for Plaintiff
      Karen Kools

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525